IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**WESTERN DISTRICT OF TN**
**FILED IN OPEN COURT:**
DATE: 10/11/05
TIME: 9:04 a.m.
INITIALS: ℰ

UNITED STATES OF AMERICA, )
                          )
    Plaintiff,            )
                          )   Cr. No. 1:05cr10033-T
v.                        )
                          )
                          )
SCOTTY MOSIER,            )
                          )
    Defendant.

## PLEA AGREEMENT

The following plea agreement constitutes the entire agreement between the parties and the parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules and case law. The parties agree as follows:

1. The defendant agrees to plead guilty to Count 1 of the Indictment in the above-styled cause.

2. The defendant will pay the $100.00 special assessment prior to sentencing.

3. This agreement is submitted pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, it being the intent of the parties to agree on an appropriate

disposition of the case. The parties agree pursuant to the 2004 edition of the United States Sentencing Guidelines manual that the defendant's base offense level is 12, before any adjustments. There is no agreement as to the appropriate criminal history category. The parties agree that the offense involved more than minimal planning and the amount of loss was more than $2,500 but less than $10,000. In addition, the parties agree that firearm's were taken during the offense.

4. The parties agree that the defendant is entitled to a three (3) level decrease for acceptance of responsibility, resulting in a base offense level of 13. The government agrees to recommend the lower end of the sentencing guidelines.

5. If, in the sole discretion of the United States Attorney, the defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, and if the defendant has otherwise complied with all terms of this agreement, and if this assistance occurs within the time provided by Rule 35, <u>Federal Rules of Criminal Procedure,</u> then the United States may file a substantial assistance motion. Should such a motion be filed, the United States Attorney may choose to file the motion under 18 U.S.C. Section 3553(e)(allowing a sentence below applicable mandatory minimums), or under Sentencing Guidelines 5K1.1 ( allowing a sentence below the defendant's range under the Sentencing Guidelines); or both provisions, as the United States Attorney may choose in his absolute discretion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of the defendant's cooperation. Should a motion be filed, the granting of relief and the extent of the relief is left solely to the discretion of the District Court.

6. Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1 or has failed to make any court appearances in this case, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

7. The Defendant is aware that Title 18 United States Code, section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his/her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case

was knowing and voluntary.

8. The defendant understands and agrees that the Court will be the finder of fact by a preponderance of the evidence presented at sentencing and make the final determination of facts as to any sentence, including relevant conduct and the facts submitted by the government or defendant as to any mitigating or aggravating factors concerning the sentence to be imposed. Adverse rulings by the Court shall not be grounds for the withdrawal of the Defendant's guilty plea or to appeal any sentence imposed as discussed in paragraph no. 7. The Court is not limited to consideration of the facts and events provided by the Government.

9. There are no other agreements between and among the parties to this agreement. The defendant enters this agreement freely, knowingly, and voluntarily, and upon the advice of counsel.

Respectfully submitted,

TERRELL HARRIS
United States Attorney

_____
DIANNE SMOTHERS
Assistant Federal Defender

_____
SCOTTY MOSIER

_____
JERRY R. KITCHEN
Assistant U.S. Attorney
(TN Bar No. 011027)
109 South Highland, Suite 300
Jackson, Tennessee 38301
(731) 422 6220

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 61 in case 1:05-CR-10033 was distributed by fax, mail, or direct printing on October 13, 2005 to the parties listed.

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

M. Dianne Smothers
FEDERAL PUBLIC DEFENDER
109 S. Highland Ave.
Ste. B-8
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT